IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| GREGORY L. WALLACE, | ) | Cause No. CV 08-11-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On January 22, 2008, Petitioner Gregory Wallace filed this action for writ of habeas corpus under 28 U.S.C. § 2254.  At that time, Wallace was a federal prisoner.  Based on the Federal Bureau of Prisons' website and the return address on a letter received by the Clerk of Court, it appears that he has been released.  He is proceeding pro se and in forma pauperis.

On July 7, 2008, Wallace was ordered to submit an Amended Petition on a form provided by the Court.  The Order was mailed to Wallace at his Lame Deer address.  See Docket Entry (doc. 8).  Although the Court's records do not show that the Order was returned as undeliverable, Wallace failed to respond.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Amendment was necessary because Wallace's original petition is difficult to understand. He states that he is challenging a judgment entered by a Justice of the Peace in Colstrip, Montana. He gives the date of his conviction as May 11, 2004, but says he was sentenced in July 2000 to "1 year." See Pet. (doc. 1) at 1, ¶¶ 1-3. He refers, or appears to refer, to judgments entered by the federal court and by a tribal court as well as "Montana state sentences." See, e.g., id. at 5, 7. He also refers to federal and tribal agencies. See id. at 8-10. Finally, it appears that he seeks credit for time served, see id. at 15; see also "Nature of the Cause: In § 2142" (doc. 1#2) at 1, yet he is no longer incarcerated. He attached to his petition a motion under Fed. R. Crim. P. 41(e) for return of property seized by a tribal officer. See "CN:o2 NCT J_R NCTA" (doc. 1#1) at 1.

In short, it is not possible to understand either Wallace's claims or what relief he seeks. The Court cannot take any action on the Petition. Wallace failed to take advantage of his opportunity to clarify his claims. The case should be dismissed.

A certificate of appealability should be denied because reasonable jurists would find no coherent basis for relief in Wallace's petition and thus there is no basis for further proceedings. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Wallace's Petition (doc. 1) should be DISMISSED for failure to state a claim on

which relief may be granted.

    2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

    3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Wallace must immediately advise the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" showing this cause number.

DATED this 15th day of September, 2008.

                                                /s/ Carolyn S. Ostby
                                                Carolyn S. Ostby
                                                United States Magistrate Judge